**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BIANCA A. CHAPMAN, <br><br> Plaintiff, <br><br> v. <br><br> FIRST NATIONAL COLLECTION BUREAU, INC., <br><br> Defendant. | Case No. '21CV0006 JLS KSC <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.** <br><br> **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.** <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes BIANCA A. CHAPMAN ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of FIRST NATIONAL COLLECTION BUREAU, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.,* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of California.

**PARTIES**

4. Plaintiff is a consumer and a natural person over-the-age of 18 residing within the Southern District of California.

5. Defendant is a collection company. Defendant is incorporated in the State of Nevada and maintains its principal place of business at 50 West Liberty Street, Suite 250, Reno, Nevada 89501.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempts to collect upon a purportedly outstanding consumer debt ("subject debt") said to be owed by Plaintiff.

8. The subject debt stems from purportedly past due payments Plaintiff is said to owe in connection with a Wells Fargo Bank, N.A. ("Wells Fargo") account Plaintiff used for personal purposes.

9. On information and belief, Defendant acquired the collection rights to the subject debt after it was in default.

10. On or about November 4, 2020, Defendant sent or caused to be sent to Plaintiff a collection letter seeking collection of the subject debt.

11. The collection letter represents that the "Total Due" of the subject debt totals $4,371.19.

12. The collection letter provides no further information about the balance of the subject debt other than to list the total balance said to be owed.

13. Plaintiff was confused as to how the total balance of the subject debt totaled the amount represented in Defendant's collection letter, as she did not recall ever owing such amount.

14. Upon information and belief, Defendant's articulation of the balance of the subject debt comprises amount additional to principal and interest, including various fees that would have purportedly been incurred throughout Defendant's attempts to collect upon the subject debt.

15. Thus, the $4,371.19 represented as being total balance of the subject debt comprises some other charges additional to the principal amount Plaintiff is said to owe in connection with the subject debt.

16. As *Fields vv. Wilber,* 383 F.3d 562 (7th Cir. 2004) instructs, debt collectors run afoul of multiple provisions of the FDCPA when they send a consumer a collection letter attempting to collect a balance which comprises both principal and some other sort of charges, yet fails to itemize the charges additional to principal which comprise the overall balance of a particular debt.

17. Defendant's failure to itemize the subject debt in a manner informing Plaintiff of the discrete portions of the debt comprising the overall balance deceived and misled Plaintiff as to the extent of any purported liability in connection with the subject debt, as she was confused and left wondering the nature and extent of her overall liability on the subject debt, given Defendant's failure to clearly explain the nature of the subject debt and the various additional charges that now comprise the total balance.

18. Confused and concerned by the nature of Defendant's collection letter, Plaintiff lost time addressing Defendant's deceptive and misleading collection communication and suffered emotional distress in connection with Defendant's failure to fully explain the contours of the subject debt.

19. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to expending time addressing and dealing with Defendant's confusing and misleading conduct, being deprived the ability to intelligently address the subject debt given Defendant's violations of law, and a violation of her state and federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though full set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

24. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes. .

    **a. Violations of FDCPA § 1692e**

25. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A)
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

27. Defendant violated §§ 1692e, e(2), and e(10) through its failure to clearly and fairly communication information about the amount of the subject debt to Plaintiff in its collection letter. Although Defendant's letter is seeking a total amount of $4,371.19, its failure to indicate that a portion of this total balance was attributable to charges other than principal is in violation of the FDCPA. As the circuit courts have stated, "debt collectors must . . . clearly and fairly communicate information about the amount of the debt to debtors. This includes how the total amount due was determined if the demand for payment includes add-on expenses . . . ." *Fields v. Wilber Law Firm, P.C.,* 383 F.3d 562, 565 (7th Cir. 2004). As such, Defendant's failure to explain in its collection letter that the amount sought included add-on expenses additional to principal is in violation of the FDCPA.

28. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, BIANCA A. CHAPMAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

  a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

  b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

  c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

  d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

5

e. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "person[s]" as defined by Cal. Civ. Code § 1788.2(g).

31. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

32. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.10 – 1788.17**

33. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

34. As outlined above, through its unlawful attempts to collect upon the subject debt, Defendant violated 1788.17; and §1692e. Defendant engaged in a deceptive and misleading campaign to collect from Plaintiff the subject debt by the misleading conduct outlined above.

35. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, BIANCA A. CHAPMAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

6

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: January 4, 2021              Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com